# Reappointment of a Retired Judge to the Court of Federal Claims

The President may nominate and, subject to the advice and consent of the Senate, appoint to the U.S. Court of Federal Claims an individual who has previously retired from that Court and who is receiving a retirement annuity as a senior judge. Upon assumption of active judicial service, the judge must forfeit the retirement annuity for the duration of the service

December 3, 1997

MEMORANDUM OPINION FOR THE DEPUTY ASSISTANT ATTORNEY GENERAL
OFFICE OF POLICY DEVELOPMENT

This memorandum responds to your request for our opinion concerning whether the President may reappoint to the United States Court of Federal Claims a nominee who has completed a fifteen-year term on that court and is a retired "senior judge" as of the time of her nomination and subsequent reappointment. For the reasons set forth below, we conclude that the President may nominate and, with the advice and consent of the Senate, appoint a retired judge to the Court of Federal Claims.

## I.

We turn first to the statutory framework concerning the appointment and retirement of judges serving on the Court of Federal Claims. The issue raised here is whether under these provisions, a judge who has elected to take senior status and receive the corresponding retirement annuity becomes ineligible for reappointment.

Section 171(a) of title 28 of the United States Code states that the "President shall appoint, by and with the advice and consent of the Senate," sixteen judges constituting the Court of Federal Claims. 28 U.S.C. § 171(a) (1994). Section 172 provides that each judge "shall be appointed for a term of fifteen years." 28 U.S.C. § 172 (1994).

Section 178 of title 28 prescribes certain criteria under which a judge on the Court of Federal Claims is eligible to retire as a "senior judge" and receive an annuity.[1] 28 U.S.C. § 178(a)–(b) (1994). We understand that the judge in question is eligible to take senior status and receive a retirement annuity under § 178(b), which provides for the retirement of judges who have not been reappointed following the expiration of their terms of office.[2]

---

[1] The statute states that a "senior judge" shall perform certain judicial duties requested by the Chief Judge of the court 28 U S C § 178(d)–(e) (1994)

[2] In addition to those judges who are not reappointed (under specified circumstances), the statute also provides that judges may take senior status and receive a retirement annuity based upon certain criteria relating to age and

Continued

211

The retirement provisions under § 178(b) appear to have been intended to support greater judicial independence by providing an annuity (equal to an active judge's salary) to those judges who would have accepted, but did not receive, reappointment and who are not otherwise eligible to receive the retirement annuity based upon age. *See* H.R. Rep. No. 101–734, at 24–25 (1990). Accordingly, to be eligible for senior status and to receive the retirement annuity under § 178(b), a judge must have served at least one full term on the court and have expressed in writing to the President her willingness to be reappointed.[3] 28 U.S.C. § 178(b). A judge meeting these eligibility requirements may then elect to take senior status and to receive the retirement annuity pursuant to § 178 by notifying the Administrative Office of the United States Courts "any time before the day after the day on which his or her successor takes office." *Id.* § 178(f)(1)(A) (1994).

The statute also sets out certain circumstances under which a retired judge will forfeit, permanently or temporarily, the annuity otherwise due under § 178. *See generally* 28 U.S.C. § 178(j) (1994). Specifically relevant here, a judge on the Court of Federal Claims who retires under the senior status annuity provisions shall forfeit all rights to her annuity if she "accepts compensation for civil office or employment under the Government of the United States" other than for her judicial duties as a senior judge on the Court of Federal Claims. *Id.* § 178(j)(3). The forfeiture, however, is limited to the period during which such compensation is received. *Id.*

## II.

Upon review of the statutory scheme regarding the appointment and retirement of judges on the Court of Federal Claims, we find no relevant limitation on whom the President may nominate and appoint. First, § 171 provides for presidential appointment, subject only to the advice and consent of the Senate. The provision is straightforward and includes no restriction on presidential appointment or other requirement for eligibility.

Second, we find nothing in the retirement scheme in § 178 or elsewhere in the statute that limits, by implication or otherwise, the ability of the President to reappoint a retired judge to the Court of Federal Claims. The time frame prescribed in the statute during which a Federal Claims judge must express interest in reappointment limits only the eligibility of the judge to take senior status retire-

---

length of service 28 U S C § 178(a). A judge who retires or who is removed from office solely on the basis of disability is also eligible to receive the retirement annuity, but cannot retire as a "senior judge " *Id.* § 178(c), (e)(1).

[3] The statute further prescribes that the judge's willingness to serve another term must be expressed within a specific time period: not earlier than nine months prior to the expiration of her term and not later than six months prior to the date of expiration 28 U S C § 178(b)(2) We understand that the judge in question has expressed her willingness to accept reappointment within the prescribed time frame

ment and receive the annuity under § 178; it does not limit or even relate to the judge's eligibility for reappointment.[4]

Furthermore, the annuity scheme contemplates that a senior judge receiving an annuity may accept subsequent government employment. In such a case, the statute provides that during the period she accepts other federal compensation, the senior judge forfeits the annuity that she would receive as a senior judge. 28 U.S.C. § 178(j)(3). Thus, it appears that a judge who has retired under § 178 may be reappointed to the court and, upon resumption of active service, would forfeit her retirement annuity during the period of her term of office.

Third, we find nothing in the legislative history of the statute that suggests any intention to limit the President's ability to reappoint a retired judge. As we have observed, the retirement provisions under § 178(b) appear to have been designed to foster judicial independence by providing an annuity to those judges who, although willing to serve, are not reappointed to another term. Thus, the legislative purpose of the retirement provisions appears to have been to protect judges from the failure of reappointment, not to prevent such reappointment.

III.

On the basis of the plain language of the statute and its purpose, we conclude that pursuant to 28 U.S.C. § 171, the President may nominate and, subject to the advice and consent of the Senate, appoint to the Court of Federal Claims an individual who has previously retired from the Court and who is receiving, under 28 U.S.C. § 178, a retirement annuity as a senior judge. Upon assumption of active judicial service as a Federal Claims judge, the judge would be required to forfeit her retirement annuity for the duration of her compensated service as an active judge.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[4] Thus, for the purposes of the appointment issue considered here, whether the judge in question has expressed formally her willingness to accept reappointment within the statutory period is relevant only as condition precedent to her taking senior status A judge who failed to so notify the President would be ineligible to receive a retirement annuity under § 178, but nothing would prevent the President from reappointing the judge notwithstanding her failure to notify him